UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY HILL,

                Plaintiff,                         Case No. 13-cv-11228

v                                                 Honorable Thomas L. Ludington
                                                 Magistrate Judge Charles E. Binder

HERBERT ROOFING & INSULATION, INC.,

                Defendant.

_____/

**ORDER REJECTING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

On March 20, 2013, Plaintiff Timothy Hill filed a complaint against Defendant Herbert Roofing & Insulation, asserting violations of the Fair Labor Standards Act, the Michigan Minimum Wage Law, and the Bullard-Plawecki Right to Know Act. Herbert Roofing answered the complaint on April 30, 2013, and offered several affirmative defenses.

Almost six months later, on October 22, 2013, Hill filed a motion to strike Herbert Roofing's affirmative defenses because they failed to state sufficient facts in accordance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). ECF No. 14 at 10. Herbert Roofing responded to the motion by claiming Hill's motion to strike was untimely under Federal Rule of Civil Procedure 12(f). ECF No. 19 at 10. This Court then referred the motion strike to Magistrate Judge Charles Binder, who conducted a hearing on the motion on December 3, 2013. ECF No. 22.

**I**

On December 10, 2013, Magistrate Judge Binder issued a report recommending that Hill's motion to strike be denied as untimely. ECF No. 27 at 1. Judge Binder concluded that Hill's "facial challenge to the legal sufficiency of the defenses . . . could have and should have been made within 21 days after having been served the answer or, at the very least, within a reasonable time thereafter." *Id.* at 2.

Magistrate Judge Binder also offered an alternative analysis in his report. He recommended that, if the Court exercised its discretion to consider Hill's motion to strike on its merits, three of Herbert Roofing's defenses should be stricken: affirmative defense 8 (damages resulting from the effects of any pre-existing conditions); (2) affirmative defense 15 (misjoinder or non-joinder); and (3) affirmative defense 30 (punitive damages). *Id*. at 6.

**II**

Both parties filed timely objections to the report. Hill opposes the denial of the motion to strike based on its untimeliness. Herbert Roofing's objection, on the other hand, focuses on Magistrate Judge Binder's alternative conclusion that affirmative defense 30 should be stricken if this Court decides the motion to strike was timely.

**A**

Hill objects to Magistrate Judge Binder's conclusion that the motion to strike should be denied as untimely. A motion to strike pursuant to Rule 12(f) must be made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). In addition, the Court may, "on its own initiative at any time," strike legally deficient pleadings at any time. *Id*. Several courts have interpreted the authority to strike an insufficient defense sua sponte as permitting a district court to consider untimely motions to strike if doing so seems proper. *See Lunsford v. United States*,

570 F.2d 221, 229 (8th Cir. 1977); *see also Ashokkumar v. Elbaum*, 2012 WL 4508123, at *1 (D. Neb. Sept. 28, 2012). "This judicial discretion is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation." § 1380 Motion to Strike—In General, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.).

Here, Hill filed the motion to strike affirmative defenses almost six months after Herbert Roofing filed its answer and affirmative defenses. Hill argues that the Court should nonetheless consider the tardy motion to strike because he "made a reasonable discovery effort to uncover the defendant's factual bases for its affirmative defenses . . . ." ECF No. 29 at 9. Hill further argues that he "reasonably sought to avoid a preliminary motion and potentially unnecessary time, money, and burden to the Court and parties." *Id*. Because "the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit," and in light of the Court's preference to decide motions on the merits rather than on technicalities, the Court will address the merits of Hill's untimely motion to strike Herbert Roofing's affirmative defenses. § 1380 Motion to Strike—In General, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.).

**B**

Turning to the merits of the motion, Herbert Roofing's objection concerns Magistrate Judge Binder's conclusion that affirmative defense 30 regarding punitive damages should be stricken.[1] A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient "if as a matter of law, the defense cannot succeed under any circumstances." *Hahn v. Best Recovery*

---

[1] In addition to striking affirmative defense 30, Magistrate Judge Binder recommending striking Herbert Roofing's affirmative defenses 8 and 15. ECF 27 at 9. Herbert Roofing, however, only objects to the recommendation that affirmative defense 30 be stricken. *See* ECF No. 30 at 2 ("Defendant does not object to the striking of affirmative defense 8 and 15 should the Court decide to exercise its discretion and entertain the merits of the motion.").

*Servs., LLC*, 2010 WL 4483375, *2 (E.D. Mich. Nov. 1, 2010) (internal quotation marks and citations omitted). A Rule 12(f) motion is also proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.* (internal quotation marks and citation omitted). "Generally, however, a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Id.* (internal quotation marks and citation omitted). Motions seeking to strike an affirmative defense are disfavored and should be used sparingly. As observed by the Sixth Circuit, a motion to strike "is a drastic remedy to be resorted to only when required for purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal quotation marks and citations omitted).

Herbert Roofing's affirmative defense 30 states "Plaintiff's claim for punitive damages is not available under the circumstances of this case." Answer ¶ 30. Of Hill's three claims, only the FLSA claim provides a possibility for Hill to recover punitive damages. In *Moore v. Freeman*, the Sixth Circuit noted that "circuits are divided on the question of whether the statute permits punitive damages . . . ." 355 F.3d 558, 564 (6th Cir. 2004). Although it acknowledged the circuit split, the Sixth Circuit did not decide whether punitive damages are available under the FLSA. *Id*. The availability of punitive damages under the FLSA will therefore be an issue of first impression, and therefore, at this point, punitive damages may be recoverable.

Magistrate Judge Binder recommended striking Herbert Roofing's affirmative defense because "the Complaint did not seek punitive damages." ECF No. 27 at 9. Contrary to Magistrate Judge Binder's assertion, however, Hill's Complaint explicitly alleges that "Plaintiff is entitled to recover from defendant . . . punitive damages." ECF No. 1 ¶ 18(e). Herbert Roofing's affirmative

- 5 -

defense that punitive damages are unavailable is clearly material to the case, and therefore Hill's motion to strike affirmative defense 30 is denied.

### III

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 27) is **REJECTED IN PART AND ADOPTED IN PART**. The magistrate judge's recommendation that the Court should strike Defendant's affirmative defenses because they were untimely, *id*. at 2-3, is **REJECTED**. The magistrate judge's alternative recommendation that addressed the merits of Defendant's affirmative defenses, *id.* at 3-9, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART**. Defendant's affirmative defenses 8 and 15 are **STRICKEN**. Plaintiff's Motion to Strike Affirmative Defenses is **DENIED** in all other respects.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 22, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS